# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE MITCHELL, JR.,<br><br>Petitioner,<br><br>v.<br><br>GEORGE JAIME,<br><br>Respondent. | Case No. 1:20-cv-01516-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). (ECF No. 1 at 1).[1] On October 28, 2020, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). Although it is unclear, the petition appears to challenge the CDCR's collection of an old restitution fine connected to Petitioner's prior term of imprisonment. (Id. at 7–9).

///

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### A. Federal Habeas Jurisdiction

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

Here, it appears that Petitioner is challenging the CDCR's collection of a restitution fine connected to a prior imprisonment term that Petitioner has already served. (ECF No. 1 at 7–9). Petitioner does not challenge the fact or duration of his confinement, and it does not appear that he seeks either immediate release from that confinement or the shortening of its duration. Accordingly, the undersigned finds that Petitioner's claims are not cognizable in federal habeas corpus. See Bell v. Payan, No. 2:14-CV-0965 GEB KJN, 2014 WL 7409144, at *2 (E.D. Cal. Dec. 30, 2014) ("This court lacks habeas jurisdiction and plaintiff's challenge to the manner in which restitution is being deducted from his trust account is properly raised through a civil rights

1  complaint brought pursuant to 42 U.S.C. § 1983."), report and recommendation adopted, 2015
2  WL 510266 (E.D. Cal. Feb. 6, 2015).

3       **B.  Conversion to § 1983 Civil Rights Action**

4       "If the complaint is amenable to conversion on its face, meaning that it names the correct
5  defendants and seeks the correct relief, the court may recharacterize the petition so long as it
6  warns the pro se litigant of the consequences of the conversion and provides an opportunity for
7  the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus
8  v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes, however, that habeas corpus
9  and prisoner civil rights actions differ in a variety of respects, such as the proper defendants,
10 filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation
11 Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d
12 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

13      The Court finds that it would be inappropriate to construe the habeas petition as a § 1983
14 complaint. The Court notes that the filing fee for § 1983 civil rights cases is $350, and Petitioner
15 is required to pay the full amount by way of deductions from income to Petitioner's trust
16 account, even if granted *in forma pauperis* status. See 28 U.S.C. § 1915(b)(1). Moreover,
17 Petitioner names the warden of the facility in which he is housed as the respondent in this matter.
18 It is unclear whether the warden would be the proper defendant in a civil rights action. This
19 conclusion, however, does not preclude Petitioner from pursuing his claims in a properly filed
20 civil action brought pursuant to 42 U.S.C. § 1983.

21      **III.**
22      **RECOMMENDATION & ORDER**

23      Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for
24 writ of habeas corpus be DISMISSED without prejudice to refiling the claims in a civil rights
25 action under 42 U.S.C. § 1983.

26      Further, the Clerk of Court is DIRECTED to randomly assign this action to a District
27 Judge.

28 ///

1    This Findings and Recommendation is submitted to the United States District Court
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304
3 of the Local Rules of Practice for the United States District Court, Eastern District of California.
4 Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may
5 file written objections with the Court and serve a copy on all parties. Such a document should be
6 captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned
7 District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
8 § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may
9 result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014)
10 (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 16, 2020**

UNITED STATES MAGISTRATE JUDGE

4